JACKSON, Appellant,

v.

UNIVERSITY HOSPITALS OF CLEVELAND et al., Appellees.

[Cite as *Jackson v. Univ. Hosp. of Cleveland* (1997), 122 Ohio App.3d 371.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72185.

Decided Aug. 18, 1997.

*Paul Mancino, Jr.*, for appellant.

*Rademaker, Matty, McClelland & Greve* and *Christopher J. Klym*, for appellee University Hospitals of Cleveland.

*Betty D. Montgomery*, Attorney General, for appellee Bureau of Workers' Compensation.

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 25, the record from the Cuyahoga County Court of Common Pleas, and the briefs of counsel. Florence Jackson, plaintiff-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, case No. CV–304893, in which the trial court granted the summary judgment motion of University Hospitals of Cleveland, defendant-appellee, and denied the appellant's cross-motion for summary judgment. Appellant assigns two errors for this court's review.

Appellant's appeal is not well taken.

Appellant was employed as a laboratory technician in the Hematology Laboratory at University Hospitals of Cleveland, Ohio. On May 28, 1995, plaintiff-appellant was scheduled to work the midnight shift beginning at 11:00 p.m. on May 27, 1995 and ending at 7:30 a.m. on May 28, 1995. Appellant was required to remain in the Hematology Lab until the shift ended and she was relieved by another technician scheduled to work the following shift.

On May 28, 1995, appellant completed her scheduled shift at 7:30 a.m., leaving the lab after another technician had reported and relieved her. At this time,

appellant, who was paid on an hourly basis, gathered her belongings and signed out of the lab, having completed her assigned work duties.

Appellant left the lab, which was located on the fifth floor of the Bishop Building, and proceeded to the cafeteria, which was located on the first floor of the Bishop Building. The cafeteria is open to the general public as well as employees at University Hospitals.

Once at the cafeteria, appellant poured herself a cup of coffee to go, placed a plastic lid upon the cup and then purchased the coffee and a doughnut. Appellant then proceeded from the cafeteria to the employees' lounge, which is located two floors below the cafeteria in the sub-basement. Appellant elected to take the stairway down to the employees' lounge. As she attempted to open the door to the sub-basement while holding the coffee in her right hand and the doughnut in her left hand, she spilled the coffee, burning her left hand and left breast. Appellant was treated for her burns at the emergency room of University Hospitals.

Appellant timely filed her claim for compensation with the Bureau of Workers' Compensation. The bureau denied appellant's claim for compensation based upon the finding that her injuries did not occur during the course and scope of her employment. The Industrial Commission of Ohio refused further attempts to appeal this case administratively.

On March 14, 1996, appellant filed a timely notice of appeal from the decision of the Bureau of Workers' Compensation and the Industrial Commission of Ohio pursuant to R.C. 4123.512. On November 15, 1996, University Hospitals filed a motion for summary judgment. On December 13, 1996, appellant filed a brief in opposition to the motion for summary judgment as well as a cross-motion for summary judgment. On February 13, 1997, the trial court granted the motion for summary judgment of University Hospitals and denied appellant's cross-motion for summary judgment.

On March 12, 1997, appellant filed a timely notice of appeal from the judgment of the trial court.

On appeal, appellant assigns two errors for this court's review. Appellant's first assignment of error states:

"The court erred in granting the motion for summary judgment filed by University Hospitals of Cleveland as a genuine issue of material fact existed whether the injuries received by plaintiff were in the course and scope of her employment."

Appellant's second assignment of error states:

"The court erred in not granting the cross-motion for summary judgment filed by plaintiff."

The first and second assignments of error having a common basis in both law and fact, this court shall consider them simultaneously.

Appellant argues, through her first and second assignments of error, that the trial court incorrectly granted the motion for summary judgment of University Hospitals and denied her cross-motion for summary judgment. Specifically, appellant maintains that, at the very least, there exists a genuine issue of material fact as to whether her injuries occurred during the course and scope of her employment. Appellant's argument is based upon the following assertions: she was injured after purchasing coffee at the University Hospitals' cafeteria while on her way to the employees' lounge, she never left the building in which she was employed, and University Hospitals owned and operated both the cafeteria and the employees' lounge, the latter of which was operated exclusively for use by hospital employees.

University Hospitals maintain that appellant had clearly completed all work-related duties in the Hematology Lab and signed out prior to purchasing coffee in the public cafeteria and proceeding down the stairway toward the employees' lounge. It is University Hospitals' position that, since appellant was injured as a result of a purely personal undertaking after completing her assigned work duties for that day, she is not entitled to workers' compensation benefits even though the injury occurred on University Hospitals' premises. University Hospitals argues that the purely personal decision to purchase a cup of coffee after finishing work was not incidental to any required duty at University Hospitals and University Hospitals did not receive a benefit from appellant's actions.

Civ.R. 56(C) provides that before summary judgment may be granted, the court must determine that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 587 N.E.2d 825.

A motion for summary judgment forces the nonmoving party to produce evidence on issues for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, (syllabus). The nonmovant must also present specific facts and may not rely merely upon the pleadings or upon unsupported allegations. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Ohio Supreme Court recently discussed the proper standard to be applied when reviewing summary judgment motions. The court found as follows:

"Again, we note that there is no requirement in Civ.R. 56 that any party submit affidavits to support a motion for summary judgment. See, *e.g.*, Civ.R. 56(A) and (B). There is a requirement, however, that a moving party, in support of a summary judgment motion, specifically point to something in the record that comports with the evidentiary materials set forth in Civ.R. 56(C)." *Id.* at 298, 662 N.E.2d at 277.

This court's analysis of an appeal from a summary judgment is conducted under a *de novo* standard of review. See *Maust v. Bank One Columbus, N.A.* (1992), 83 Ohio App.3d 103, 107, 614 N.E.2d 765; *Howard v. Wills* (1991), 77 Ohio App.3d 133, 601 N.E.2d 515. No deference is given to the decision under review, and this court applies the same test as does the trial court. *Bank One of Portsmouth v. Weber* (Aug. 7, 1991), Scioto App. No. 1920, unreported, 1991 WL 156416.

■ "The purpose of the Workers' Compensation Act is not to make an employer an absolute insurer of the employee's safety, but only to protect the employee against risks and hazards incident to the performance of his work." *Phelps v. Positive Action Tool Co.* (1986), 26 Ohio St.3d 142, 144, 26 OBR 122, 123, 497 N.E.2d 969, 970–971, R.C. 4123.01(C) defines "compensable injury":

"(C) 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment."

■ In order to establish a workers' compensation claim, there must be a causal connection between an employee's injury and his employment either through the activities, the conditions, or the environment of employment. *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 276–277, 551 N.E.2d 1271, 1273–1274, quoting *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 303, 15 O.O.3d 359, 359–360, 401 N.E.2d 448, 449–450. In *Fisher*, the Supreme Court acknowledged the two-pronged nature of the relevant inquiry. The court characterized the "received in the course of employment" prong as relating to the time, place, and circumstances of the injury, while the "arising out of employment" prong was characterized as referring to a causal connection between the employment and the injury. *Id.* at 277, 551 N.E.2d at 1273–1274; *Tamarkin v. Wheeler* (1992), 81 Ohio App.3d 232, 234, 610 N.E.2d 1042.

In *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, syllabus, the Supreme Court held:

"Whether there is sufficient 'causal connection' between an employee's injury and his employment to justify the right to participate in the Workers' Compensation Fund depends on the totality of the facts and circumstances surrounding the

accident, including (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." See, also, *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 70, 572 N.E.2d 661, 664–665.

In this case, a review of the record demonstrates that the trial court properly granted the motion for summary judgment of University Hospitals where it is apparent that reasonable minds could only conclude that the appellant's injuries did not occur in the course of, or arising out of, her employment. Appellant had clearly finished all employment responsibilities prior to purchasing the coffee in question. This fact is evidenced by appellant's own deposition testimony, in which she admittedly signed out of the Hematology Lab at approximately 7:30 a.m. Appellant then voluntarily chose to proceed to the University Hospitals' cafeteria, which is open to hospital employees as well as the general public, and buy coffee and a doughnut. At this point, appellant was no longer under the direction and/or control of the hospital but was acting independently. University Hospitals had ceased to receive any benefit from appellee's presence at the hospital. Under the facts of this case, appellant is unable to satisfy the three-part "totality of the circumstances" test set forth by the Supreme Court in *Lord, supra,* necessary to justify her right to participate in the Workers' Compensation Fund. *Stivison v. Goodyear Tire & Rubber Co.* (May 6, 1996), Hocking App. No. 95CA13, unreported, 1996 WL 230037.

In addition, the case law upon which appellant relies is distinguishable from the facts of the present case. In the cases in question, the employee injury occurred either during a scheduled break or while the employee was directly proceeding to or from her place of employment. In this case, appellant's actions were completely unrelated to her employment responsibilities, and University Hospitals did not exert any control over appellant's actions once she signed out of the Hematology Lab.

For the foregoing reasons, this court finds that the trial court properly granted summary judgment in favor of University Hospitals and denied appellant's cross-motion for summary judgment, since, it is apparent from the record, appellant's injury did not occur in the course of, or arise out of, her employment with University Hospitals.

Appellant's first and second assignments of error are not well taken.

Judgment of the trial court is affirmed.

*Judgment affirmed.*

DAVID T. MATIA, P.J., PATTON and HOLMES, JJ., concur.

ROBERT E. HOLMES, J., retired, of the Supreme Court of Ohio, sitting by assignment.