BLAIR, APPELLEE, *v.* DAUGHERTY, ADMINISTRATOR, ET AL., APPELLANTS.

[Cite as Blair v. Daugherty (1978), 60 Ohio App. 2d 165.]

(No. CA-5932—Decided September 26, 1978.)

*Mr. Stewart R. Jaffy,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. G. Jack Davis, Jr.,* for appellant, administrator of the Bureau of Workers' Compensation, and *Mr. Joseph Buchanan,* for appellant, Delco Moraine Division.

KERNS, J. This is an appeal from a summary judgment of the Court of Common Pleas of Montgomery County. Initially, the appellee, Grover C. Blair, filed an application for benefits under the Workers' Compensation Act of Ohio. The

appellee's claim was allowed by the deputy administrator, and on appeal, the decision allowing the claim was affirmed by the board of review. The subsequent appeal was denied by the Industrial Commission, after which appellant Delco Moraine Division of General Motors Corporation appealed to the Court of Common Pleas.

In the Common Pleas Court, Delco moved for a summary judgment, after which Blair filed a cross-motion for similar relief. Subsequently, Blair's motion was sustained, and the present appeal is from the order of the trial court sustaining the motion for summary judgment.

On October 11, 1974, Blair was employed by Delco and scheduled to work the first shift. He drove his automobile to a fenced parking lot owned by his employer, parked his car, and was proceeding on a public street to his employer's near-by plant entrance when he was shot in the right thigh by an unknown and unidentified assailant. Blair's route of travel from Delco's parking lot to its nearest plant entrance was a direct route and the one which he usually traversed, but it was not the only direct route to the plant entrance.

The issue which immediately surfaces from these operative facts, and the only question of any consequence in this appeal, is whether Blair's injury was "received in the course of, and arising out of" his employment with Delco. R. C. 4123.01 (C).

In the case of *Marlow* v. *Goodyear Tire & Rubber Co.* (1967), 10 Ohio St. 2d 18, which has been cited by both the appellant and the appellee, the Supreme Court of Ohio made a valiant attempt to reconcile a substantial number of "zone of employment" cases, and some of the cases discussed therein do have peripheral application at least to the issue propounded in the present case. Likewise, in *Inland Mfg.* v. *Lawson* (1967), 15 Ohio App. 2d 192, this court alluded to some of the guiding principles which have emerged from such cases.

According to respectable authority, Blair would have been covered after he reached Delco's parking lot (*Marlow* v. *Goodyear Tire & Rubber Co., supra*), and he also would have been covered after he passed through the entrance of Delco's plant (*Kasari* v. *Indus. Comm.* (1932), 125 Ohio St. 410). In both of those areas, however, the total environment was under the control of the employer, whereas the connecting

public streets where Blair was injured were not under the control of Delco.

In the recent case of *Becton, Dickinson & Co.* v. *Indus. Comm.* (1977), 54 Ohio App. 2d 186, the Fifth District Court of Appeals held that an employee injured while crossing a public street to an employer's plant was not entitled to participate in the workers' compensation fund. In that case, the court rested its conclusion solely upon the element of control. But, in the case of *Frishkorn* v. *Flowers* (1971), 26 Ohio App. 2d 165, the Eighth District Court of Appeals held that the element of control must be viewed in the light of the control the employer has over the employee's work activities in the employment environment and whether such activities were reasonably incidental to and part of the necessary obligations of employment.

The rationale of the *Frishkorn* case is more consonant with the reasoning of the Supreme Court of Ohio in *Industrial Commission* v. *Henry* (1932), 124 Ohio St. 616, where an employee was returning to the premises of the employer by a direct route along a public thoroughfare when struck by a train upon the tracks of a railroad which were immediately adjacent to the premises of the employer. See also, *Spellman* v. *Indus. Comm.* (1943), 73 Ohio App. 369.

In the *Henry* case, the employer had no control over the premises where the injury occurred, and even earlier, in the case of *Industrial Commission* v. *Barber* (1927), 117 Ohio St. 373, the Supreme Court discounted the theory that total control was indispensable to coverage.

In the *Barber* case, the injury occurred on a public street, but the employer had exercised some control over the street by maintaining it for some time prior to the accident. In fact, the *Barber* case, other than reflecting the exercise of some control through the voluntary maintenance of the public street, has many characteristics similar to those of the present case, and the court observed that "where the conditions under the control of an industrial plant are such that the employe has no option but to pursue a given course with reference to such conditions and environments, the pursuance of such course is an implied obligation of the employe in his contract with such employer." (Page 381.)

Since the Supreme Court has recognized injuries sustain-

ed on company parking lots and within plant entrances, logic compels the conclusion that the direct route from the parking lot to the plant entrance was also within Blair's zone of employment. From the standpoint of the usual employer-employee relationship, as well as within the range of most employment contracts, there is no rational distinction between the three areas involved.

After reaching the parking lot, Blair was no longer acting of his own free will. At that point, his activities were hampered and controlled by the requirements of his job, and his movement along the direct route from the employer's parking area to the employer's nearest gate was a necessary incident of his employment. In other words, Blair sustained his injury in the usual and ordinary course of a day's work.

Along the same lines, the court in the *Frishkorn* case said:

"The relative limits or expansion of the zone of employment danger, to which an employee is subjected, must be determined from the logical and close association of the surrounding area to the premises of employment, together with the peculiar circumstances and hazards existing in relation thereto, and if an employee is injured as a result of such conditions while discharging a duty to the employer as a necessary incident to his work, he is entitled to compensation, notwithstanding the fact that the surrounding areas are neither owned nor controlled by the employer." (Paragraph 3 of the syllabus.)

In support of its alleged error, the appellant also argues that compensation should be denied because another route to the plant entrance was available to Blair, but nothing appears in the record to suggest that the alternative route was any closer or better than the route chosen, and the right to benefits does not rest upon mere chance. Here, the route chosen was a direct route and the one ordinarily traversed by Blair and many other employees, and it was recognized and used as one of the necessary connecting links between the lots owned and controlled by the employer.

The appellant further argues that the injury is not compensable because it was not caused by a natural hazard of the zone, but similar arguments apparently received no significant attention in *Marlow* v. *Goodyear Tire & Rubber Co.,*

*supra,* (claimant struck by an automobile of a fellow employee); *Industrial Commission* v. *Henry, supra,* (claimant struck by a train); *Krovosucky* v. *Industrial Commission* (1943), 74 Ohio App. 86 (claimant fell on icy ruts in uncontrolled parking lot); *Frishkorn* v. *Flowers, supra* (claimant struck by an automobile of a non-employee).

In rejecting the argument that the hazard be peculiar to employees and different from hazards to which the general public is subjected, the court in the *Marlow* case said:

"When Marlow was injured, he was in that zone and his injury was proximately caused by a natural hazard of the zone. It was not self-inflicted or a result of an act of nature or of an occurrence inconsistent with his employment, its activities, conditions or environments." (Page 22.)

In the present case, Blair was exposed to the hazards of the streets while within his zone of employment, and his injuries were a natural consequence of such exposure. See, *Brennan* v. *Keller* (1968), 15 Ohio App. 2d 79.

After examining the authorities relied upon by the parties, and with particular emphasis upon the general import of such cases as *Marlow* and *Frishkorn,* we are inclined toward the majority view that an injury in a public street between a plant and a parking lot is in the course of employment.

Accordingly, the alleged error is overruled, and the judgment will be affirmed.

*Judgment affirmed.*

SHERER, P. J., and McBRIDE, J., concur.