An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 25. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
Defendant-appellant David Herron appeals from the trial court's denial of his motion for summary judgment. Appellant and plaintiffs-appellees George Donnelly and Joan Donnelly stipulated to a consent judgment whereby the court would enter judgment in favor of the appellees in the sum of $12,500. The parties agreed that "This consent judgment reflects a final and appealable resolution of [appellees'] claims and is entered into in the express anticipation of [appellant] pursuing an appeal of the denial of his motion for summary judgment." Pursuant to this stipulation, the court entered judgment for the appellees in the sum of $12,500. See journal vol. 2192, pg. 0553.[1]
The facts of this case are undisputed. Plaintiff-appellee George Donnelly and defendant-appellant David Herron were both employed by Saggio Protective Services. Saggio provided security services for Avis Rental Car at the Avis parking facility near Hopkins Airport. In addition, Saggio processed the rental contracts for the Avis customers. On October 3, 1994, at the end of appellant's shift, as he was leaving the parking lot in his personal automobile, the appellant struck and injured Donnelly, who was just beginning his shift. Mr. Donnelly's family assisted him to the hospital, and the appellant remained on the job until he was replaced, some one to one-and-one-half hours later (Herron Depo. T. 45). It is undisputed that Donnelly sought and received workers' compensation benefits. The appellees filed this civil suit seeking compensation for the appellant's negligence.
Pursuant to Kaiser v. Strall (1983), 5 Ohio St.3d 91, at the syllabus, one who is injured by a fellow employee's negligent acts, and who applies for and receives workers' compensation benefits, is precluded from pursuing any additional common law or statutory remedy against the co-employee. This immunity is codified at R.C. 4123.741, which states in pertinent part:
 No employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment * * * on the condition that such injury * * * is found to be compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code.
The pertinent definition of employee is set forth in R.C.4123.01(A)(1)(b):
(A)(1) "Employee" means:
* * *
 (b) Every person in the service of any person, firm, or private corporation, including any public service corporation, that (i) employs one or more persons regularly in the same business or in or about the same establishment under any contract of hire, express or implied, oral or written, * * *
Therefore, in order for a negligent fellow employee to be immune under R.C. 4123.741, the injured employee must: 1) have received his injury in the course of and arising out of his employment; and 2) must have received compensation under this State's workers' compensation statutory scheme. There is no dispute that Mr. Donnelly meets both of these tests.
The appellees, however, place at issue whether or not Mr. Herron falls within the definition of "employee" at the time of the accident because the appellant was "off the clock" and in the process of leaving the work situs. Following this logic, an employee would be considered subject to the "going-and-coming" rule, which applies to fixed-situs employees, from the moment prior to the employee officially signing in and from the moment the employee is off duty, regardless of whether or not the employee was still on the work premises. Such reasoning is not supported by case law, see Marlow v. Goodyear Tire RubberCo., (1967), 10 Ohio St.2d 18, where the Supreme Court overturned a court of appeals that found that "The manner of going home from work in this case was a personal problem of the workman and was not a part of his services to his master, . . ."Marlow at 19.[2]
Under R.C. 4123.01(A)(1)(b), in order to be considered an employee, one must simply be in the service of the employer. The Supreme Court had found a broad definition of employee to be controlling for purposes of determining the entitlement to the benefit of immunity provided under R.C. 4123.741.Proctor v. Ford Motor Co. (1973), 36 Ohio St.2d 3. In addition, this court must remember the well-established rule that workers' compensation statutes are to be liberally construed in favor of the employee. MDT Products, Inc. v. Robatin (1991),61 Ohio St.3d 66.
To support the contention that Mr. Herron was not an employee at the time of the accident, the appellees cite to Caygill v.Jablonski (1992), 78 Ohio App.3d 807. Caygill may be easily distinguished as the one important fact relied upon by the court in its decision that the tortfeasor was engaged in pursuits disconnected from his employment, i.e., horseplay.
As a final note, a claim for loss of consortium is derivative in that the claim is dependent upon the defendants having committed a legally cognizable tort upon the spouse who suffers bodily injury. Bowen v. Kil-Kare, Inc. (1992), 63 Ohio St.3d 84. By operation of R.C. 4123.174, the appellant is not liable to respond in damages to Mr. Donnelly for the injuries he suffered as a result of the motor vehicle accident. Since Herron has committed no legally cognizable tort against her spouse, Mrs. Donnelly has no derivative claim to loss of consortium. See Shollenberger v. Scaggs (Nov. 8, 1995), Miami App. No. 94-264, unreported.
The trial court erred in failing to grant the appellant's motion for summary judgment.
Judgment reversed and remanded.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate issue out of this Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate procedure.
 _______________________________ JOHN T. PATTON, P.J.
 _______________________________ JAMES D. SWEENEY, J.
 _______________________________ KENNETH A. ROCCO, J., DISSENTS WITH DISSENTING OPINION ATTACHED.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] Cf. Wells v. Spirit Fabrication Ltd. (Sept. 7, 1995), Cuyahoga App. No. 67940. In the case sub judice, the parties have used language specific enough to preserve their right to an appeal.
[2] In the case before this court, the situs of the workplace happens to be a parking lot, and this leads to some confusion since there are numerous cases specifically discussing situations arising in parking lots owned by employers. If the situation were slightly different, and had an accident occurred inside a factory or office, where one employee was leaving and one beginning a shift, this court would surely find both men to be employees, and thus would find the negligent co-employee not liable for the accident.