JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Venisha Pursley appeals the trial court's granting of summary judgment in favor of appellees MBNA Corporation and Jerry Porter (hereinafter collectively referred to as "MBNA"). Pursley assigns the following four assigned errors:
 "I. The evidence demonstrates that Porter and Pursley were not co-employees — [workers' compensation] has no application."
 "II. Pursley's injuries are not compensable under [workers' compensation]."
 "III. Appellees are estopped from claiming Pursley's injuries are compensable by [workers' compensation] since Pursley justifiably relied upon appellees' prior representations to the contrary."
 "IV. Appellees' argument that Pursley's daughter was not injured is baseless, unsupported by any evidence of the type listed in Rule 56, and must be denied."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} Pursley worked for MBNA Marketing Systems at its Beachwood, Ohio campus. The campus consists of multiple buildings, parking garages, and parking lots, all owned by MBNA. On June 26, 2003, Pursley and her three-year-old daughter attended an MBNA company picnic held on the MBNA campus. Employees were permitted to leave work early in order to attend the picnic. She returned to the campus with her daughter and parked her car in an MBNA owned parking lot close to the picnic grounds. There was no charge for parking, and parking off of the MBNA campus was not available. *Page 4 
 {¶ 4} After the picnic, Pursley was exiting the garage in her car, when Jerry Porter, a security guard for MBNA America Bank, backed his vehicle into her car. At the time of the incident, Porter was shuttling MBNA representatives to and from the airport to attend the picnic, which was within the scope of his employment with MBNA. Immediately after the accident, Pursley informed Porter that she and her daughter were not injured. Pursley then traveled to a previously scheduled church meeting.
 {¶ 5} Later that evening, accompanied by her husband, Pursley went to the emergency room because she was pregnant and was concerned. The emergency room physician determined the baby was fine and diagnosed Pursley with a cervical sprain. However, because of her pregnancy, Pursley was admitted to the hospital for overnight observation. Pursley's daughter was also examined, and the hospital records reflect the daughter did not sustain any injuries.
 {¶ 6} Pursley filed a complaint against MBNA and Porter, alleging that Porter negligently caused the collision and resulting injuries. MBNA filed a motion for summary judgment arguing that Porter and Pursley were co-employees and that the injuries occurred in the course of and arising out of employment. Therefore, MBNA contended that workers' compensation was Pursley's exclusive remedy. MBNA also claimed that there was no evidence that Pursley's daughter was injured. The trial court granted summary judgment in favor of MBNA.
 Standard of Review *Page 5 {¶ 7} We review an appeal from summary judgment under a de novo standard of review.[1] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[2] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion which is adverse to the non-moving party.[3]
 {¶ 8} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[4] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact.[5]
 Co-Employees {¶ 9} In her first assigned error, Pursley claims Porter is not immune from liability because they were not co-employees. We disagree. *Page 6 
 {¶ 10} Although Pursley and Porter worked for two separate divisions, they both worked for MBNA. In fact, at the time of the accident, Porter was engaged in his job of transporting MBNA executives from the airport to the same corporate picnic attended by Pursley. Simply because they worked for separate divisions of the same corporate entity does not prevent them from being classified as co-employees. A co-employee and employer are statutorily immune from liability when the employee's injury is compensable under workers' compensation.[6] Pursley also argues that MBNA should not be permitted to raise workers' compensation as a defense because no evidence was presented that MBNA paid the requisite workers' compensation premiums. However, MBNA Vice President Christopher Watters testified that MBNA operates as a self-insured corporation in Ohio.[7] Therefore, MBNA is not required to pay premiums to the workers' compensation fund. Absent evidence to the contrary, we presume MBNA met the requirements placed on a self-insured company set forth in R.C. 4123.35(B). Accordingly, Pursley's first assigned error is overruled.
 Workers' Compensation Bars the Claims {¶ 11} In her second assigned error, Pursley argues that workers' compensation does not bar her claims because her injuries did not occur during the course and scope of her employment with MBNA. We disagree. *Page 7 
 {¶ 12} Ohio's workers' compensation statute covers any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment.[8] In MTD Products, Inc. v. Robatin,[9] the Ohio Supreme Court held as follows:
 "As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist."
 {¶ 13} The Supreme Court further stated that the general rule, however, does not operate as a complete bar to an employee who is injured commuting to and from work if the injury occurs within the zone of employment.[10] The zone of employment is the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under the control of the employer.[11] This court inJohnston v. Case Western Reserve University[12] reaffirmed the principle that when an employee is injured within the zone of employment, this operates as an exception to the coming and going rule. In that case, we held that the zone of employment exception did not apply because the injury occurred on a public sidewalk, which was not under the employer's control. *Page 8 
 {¶ 14} The facts in the instant case are undisputed that Pursley was injured while leaving MBNA's parking garage after the company picnic. There is no dispute that MBNA owned the parking garage; therefore, it had control over the scene of the accident. There was no alternative off-site parking available; therefore, Pursley had to park in a company-owned parking lot. The fact she picked this parking lot over another company-owned parking garage is of no relevance. As this court held in Meszaros v. Leg. News Pub.:
 "The fact that appellee had two ways of getting to work from the parking lot was not relevant in this case in determining whether employer's parking lot was within worker's "zone of employment". See Sloss v. Case Western Reserve University (1985), 23 Ohio App. 3d 46, 491 N.E.2d 339, citing Marlow v. Goodyear Tire Rubber Co. (1967), 10 Ohio St.2d 18, 21, 225 N.E.2d 241: `* * * The point appears to be illogical. If an employer provides two accesses and the employee has his choice, an injury on either may not be compensable because the other was available for use.' Id.
 "In this case, the employer provided two means of access, so eligibility should not be based on the fact that Meszaros picked one route over the other, because Meszaros had to choose one of the routes to get from the employer's lot to his job." {¶ 15} Because Pursley was injured in an MBNA garage, we conclude Pursley
was clearly within the zone of employment when she sustained her injury. The fact that the injury did not occur at the picnic, but as Pursley was leaving the event does not prevent her from qualifying for workers' compensation. The application of the coming-and-going rule has been limited to fixed-situs employees injured in traffic accidents on public roads.[13] The coming-and-going rule has not been applied to *Page 9 
cases where the employee is injured on the employer's property. Instead, courts have generally found such injuries to be compensable under workers' compensation.[14]
 {¶ 16} Pursley cites this court's opinion of Jackson v. UniversityHospital[15] to refute the principle that employees injured on site are not automatically entitled to workers' compensation. In that case, the employee was injured after burning her hand on a cup of coffee, while proceeding to the employee lounge after her shift had concluded. We held because the purchase of coffee after the shift was a personal choice, the employee's injury did not occur during the course and scope of her employment. However, that case is distinguishable because inexplicably, the zone of employment doctrine was not discussed. Instead, that case was resolved based on the totality of circumstances test. Moreover, as we stated, Pursley had no choice but to park in an MBNA parking garage.
 {¶ 17} Pursley argues that there must be some type of benefit to the employer by the employee's action. However, the causal connection is established when the injury occurs within the zone of employment.[16]
Whether the employer benefitted from the employee's presence at the scene is one of the considerations in applying *Page 10 
the totality of the circumstances exception to the coming and going rule, but not a consideration when applying the zone of employment analysis.[17]
 {¶ 18} In addition, Pursley's injury also qualifies for workers' compensation under the totality of the circumstances test. The three factors to be considered when determining whether the totality of the circumstances test has been met are `"(1) the proximity of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the employee's presence at the scene of the accident."'[18]
 {¶ 19} We previously determined that MBNA controlled the area of the parking lot where the injury occurred, which was located adjacent to the company picnic. Accordingly, the first and second prongs of the test are satisfied. Pursley's attendance at the picnic also benefitted MBNA. According to MBNA Vice President Chris Watters, the purpose of the picnic was to promote "a harmonious working atmosphere, better job service, and greater job interest."[19] The Ohio Supreme Court inKohlmayer v. Keller[20] held company-sponsored activities geared towards "generating friendly relations with * * * employees" benefits the employer. Therefore, Pursley's attendance at the function benefitted MBNA. *Page 11 
 Estoppel Bars the Workers' Compensation Defense {¶ 20} Pursley argues in her third assigned error that MBNA is equitably estopped from raising workers' compensation as a defense because MBNA failed to file a claim on her behalf and failed to alert her to this remedy until the two-year statute of limitations for workers' compensation had passed. We disagree.
 {¶ 21} Assertion of the affirmative defense of equitable estoppel requires the proof of four elements: (1) the defendant made a factual misrepresentation; (2) that was misleading; (3) which induced actual reliance which was reasonable and in good faith; and (4) which caused detriment to the relying party.[21] Pursley contends Mr. Watters testified in his deposition that MBNA submits workers' compensation claims on behalf of its employees injured during the course and scope of employment. However, this did not relieve Pursley of the duty to inform MBNA that she desired to file a workers' compensation claim. She was aware she was injured on company property; therefore, she should have investigated avenues to file a claim. In fact, Pursley did not testify that her failure to file a workers' compensation claim was based on MBNA's failure to pursue a claim on her behalf. Therefore, there was no evidence she relied on MBNA to file the workers' compensation claim.
 {¶ 22} Moreover, Pursley stated in her deposition that she had retained counsel a month after the accident. Therefore, any reliance on MBNA's practice regarding workers' compensation claims was not in good faith, because she was not *Page 12 
completely uncounseled regarding her remedies. Accordingly, Pursley's third assigned error is overruled.
 Daughter's Claims {¶ 23} In her fourth assigned error, Pursley contends summary judgment as to her daughter's claim was improperly granted. We disagree.
 {¶ 24} The daughter's emergency room records indicate that the child did not suffer any injury. Moreover, Pursley, herself, admitted in her deposition that her daughter was not injured as a result of the accident, and that the emergency room check-up was precautionary. Accordingly, Pursley's fourth assigned error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and MARY J. BOYLE, J., CONCUR.
[1] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[2] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[3] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[4] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[5] Id. at 293.
[6] R.C. 4123.741; R.C. 4123.74.
[7] Watters' Depo. at 7.
[8] R.C. 4123.01(C).
[9] (1991), 61 Ohio St. 3d 66, syllabus.
[10] Id. at 68.
[11] Marlow v. Goodyear Tire Rubber Co. (1967), 10 Ohio St.2d 18, quoting Merz v. Industrial Commission (1938), 134 Ohio St. 36, 39.
[12] (2001), 145 Ohio App.3d 77.
[13] Ruckman v. Cubby Drilling, 81 Ohio St.3d 117,124, 1998-Ohio-455.
[14] Marlow v. Goodyear Tire Rubber Co. (1967), 10 Ohio St.2d 18;Griffin v. Hydra-Matic Div., Gen. Motors Corp. (1988),39 Ohio St.3d 79.
[15] (1997), 122 Ohio App.3d 371.
[16] MTD, 61 Ohio St.3d at 68.
[17] Id. at 70. See, also, Rock v. Parma Board of Educ. (Nov. 1, 2001), Cuyahoga App. No. 79268.
[18] Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 277, quotingLord v. Daugherty (1981), 66 Ohio St. 2d 441, syllabus.
[19] Watters' Affadavit, at paragraph 7.
[20] (1970), 24 Ohio St.2d 10.
[21] Doe v. Blue Cross/Blue Shield of Ohio (1992),79 Ohio App. 3d 369, 379.
 *Page 1