[Cite as *White v. Quest Diagnostics, Inc.*, 2018-Ohio-4309.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

SANDRA L. WHITE

    Appellee

    v.

BUREAU OF WORKERS'
COMPENSATION, et al.

    Appellants

C.A. No.     28831
                28853

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2017-01-0376

DECISION AND JOURNAL ENTRY

Dated: October 24, 2018

---

HENSAL, Judge.

{¶1} Quest Diagnostics, Inc. and the Administrator of the Bureau of Workers' Compensation appeal an order of the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} Sandra White works for Quest performing data entry at a building in Twinsburg. On June 7, 2016, she clocked out for lunch, exited the building, and proceeded down the sidewalk to the parking lot, where she intended to walk during her break. The parking lot was under repair at the time. According to Ms. White, there were two feet of completed pavement in the parking lot followed by a section of incomplete pavement. While she was crossing the lot, she slipped on the lip of the completed pavement and fell face first onto the incomplete section, breaking her arm.

{¶3} Ms. White reported the injury, but the Administrator disallowed her application for benefits. A district hearing officer also disallowed her application. Ms. White appealed, but a staff hearing officer affirmed the district hearing officer's decision, and the Industrial Commission refused her appeal. Ms. White then appealed to the common pleas court. After the parties filed cross-motions for summary judgment, the court granted Ms. White's motion, concluding that her injuries were compensable. Quest and the Administrator have appealed, both assigning as error that the common pleas court incorrectly granted Ms. White's motion for summary judgment and incorrectly denied their motions for summary judgment. For ease of consideration, we will address all of the assignments of error together.

II.

QUEST'S ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO QUEST BY ENTERING ITS OCTOBER 20, 2017 ORDER WHICH DENIED QUEST'S MOTION FOR SUMMARY JUDGMENT.

QUEST'S ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO DEFENDANT QUEST BY ENTERING ITS OCTOBER 20, 2017 ORDER WHICH GRANTED WHITE'S MOTION FOR SUMMARY JUDGMENT.

ADMINISTRATOR'S ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANTS['] MOTIONS FOR SUMMARY JUDGMENT.

ADMINISTRATOR'S ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE[S'] MOTION FOR SUMMARY JUDGMENT.

{¶4} Quest and the Administrator argue that the common pleas court incorrectly denied their motions for summary judgment and incorrectly granted Ms. White's motion. Under Civil Rule 56(C), summary judgment is appropriate if:

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶5} To be compensable under the workers' compensation system, an injury must have occurred "in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). "[B]oth prongs of this statutory definition must be met" for an injury to be compensable. *Friebel v. Visiting Nurse Assn. of Mid-Ohio*, 142 Ohio St.3d 425, 2014-Ohio-4531, ¶ 12. "[I]t is well-established that workers' compensation statutes must be liberally construed in favor of the employee." *Fisher v. Mayfield*, 49 Ohio St.3d 275, 278 (1990); R.C. 4123.95.

{¶6} "The 'in the course of' prong relates to the time, place, and circumstances of the injury." *Friebel* at ¶ 13. "This prong limits workers' compensation benefits to employees who

sustain injuries while engaged in a required employment duty or activity consistent with their contract for hire and logically related to the employer's business." *Id.*

**{¶7}** "The 'arising out of' prong refers to the causal connection between the employment and the injury, and whether there is sufficient causal connection to satisfy this prong 'depends on the totality of the facts and circumstances surrounding the accident, including: (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident.'" *Id.* at ¶ 14, quoting *Fisher* at 277. "This list of factors is not exhaustive, however, and an employee may fail to establish one or more of these three factors and still be able to establish the requisite causal connection." *Id.* Because each case is fact specific, "no one test or analysis can be said to apply to each and every factual possibility * * * [n]or can only one factor be considered controlling." *Fisher* at 280.

**{¶8}** The Ohio Supreme Court has recognized that there are some sets of cases with similar fact patterns that "have promulgated their own set of rules." *Friebel*, 142 Ohio St.3d 425, 2014-Ohio-4531 at ¶ 15, quoting *Fisher* at 280. One such set are coming-and-going cases. *Id.* at ¶ 16. The coming-and-going rule provides that "where an employee, having a fixed and limited place of employment, sustains an injury while traveling to and from his place of employment, such injury does not evidence the required causal connection to the employment; it therefore does not arise out of and in the course of his employment and is not compensable." *Bralley v. Daugherty*, 61 Ohio St.2d 302, 303 (1980). Although the rule typically applies to employees on the way to work at the start of the workday or leaving work at the end of the workday, it "has been applied by way of analogy to unpaid lunch breaks taken off of the employer's premises on the theory that the trip back and forth from the premises is similar to a trip to and from work at

the beginning and end of the workday." *Miller v. Bur. of Workers' Comp.*, 9th Dist. Summit No. 24805, 2010-Ohio-1347, ¶ 15.

{¶9} "Courts recognize various exceptions to the coming-and-going rule." *Friebel* at ¶ 17. One of them is the "zone of employment" exception. *Mtd. Prods. v. Robatin*, 61 Ohio St.3d 66, 68 (1991). It provides that the coming-and-going rule "does not operate as a complete bar to an employee who is injured commuting to and from work if the injury occurs with the 'zone of employment.'" *Id.* The Ohio Supreme Court has "definitively described the zone of employment as 'the place of employment and the areas thereabout, including the means of ingress thereto and egress therefrom, under control of the employer.'" (Emphasis omitted.) *Marlow v. Goodyear Tire & Rubber Co.*, 10 Ohio St.2d 18, 22 (1967), quoting *Merz v. Indus. Comm.*, 134 Ohio St. 36, 39 (1938); *see Baughman v. Eaton Corp*, 62 Ohio St.2d 62, 63 (1980) (noting that "employee injuries are generally compensable when sustained while on an employer's premises * * * or while in an employer's parking lot[.]").

{¶10} Quest and the Administrator argue that the coming and going rule does not apply to this case but fails to explain why not. It is not disputed that Ms. White's data-entry job involved her typing all day long in front of a computer screen. "In determining whether an employee is a fixed-situs employee and therefore within the coming-and-going rule, the focus is on whether the employee commences his substantial employment duties only after arriving at a specific and identifiable work place designated by his employer." *Ruckman v. Cubby Drilling*, 81 Ohio St.3d 117, 119 (1998). There is no indication in the record that Ms. White, a data entry worker, performs her job anywhere except at her assigned workspace.

{¶11} It is also not disputed that Ms. White had left her workspace during her lunch break, had exited the building, and was crossing the parking lot, which is within Quest's

premises, at the time of her injury. In *Marlow*, 10 Ohio St.2d 18, a fixed-site employee left his workspace at the end of the day, went to a parking garage in a lot that was owned by his employer, and was injured by the car of another employee while he was driving his own car through the lot. The Ohio Supreme Court concluded that his injuries were compensable under the zone-of-employment exception to the coming-and-going rule because he was within the zone of employment at the time of the injury and the injury was proximately caused by a natural hazard of the zone. *Id*. at 22. In G*riffin v. Hydra-Matic Div., GMC*, 39 Ohio St.3d 79 (1988), a fixed-site employee was traversing a driveway between her employer's plant and its parking lot at the end of her workday when she slipped on a wet or icy spot. The Ohio Supreme Court concluded that her injuries were compensable because they occurred "upon the premises of her employer[.]" *Id*. at 82; *see also Baughman v. Eaton Corp*. 62 Ohio St.2d 62, 63 (1980) (concluding that injuries suffered while walking to workplace from employer-owned parking lot were compensable); *Kasari v. Indus. Comm. Of Ohio*, 125 Ohio St. 410, 412-413 (1932) (concluding that injury suffered on premises of employer on the way to the plant where he worked were compensable).

{¶12} Quest and the Administrator argue that this case actually resembles *Tamarkin Co. v. Wheeler*, 81 Ohio App.3d 232 (9th Dist.1992). In *Tamarkin Co.*, a grocery store employee went into the store's parking lot after learning that his vehicle had been vandalized. While inspecting the damage, he attempted to move a broken mirror so that he could get into the vehicle, but cut two of his fingers on the mirror. In *Tamarkin Co.*, however, this Court noted that the employee was not on an authorized break. *Id*. at 233, 235. The broken car mirror also was not a "natural hazard" of the parking lot. *Marlow* at 22; *Tamarkin Co*. at 235 ("We are at a loss

to understand what the employer could have reasonably done to prevent [the employee] from cutting himself during the impromptu repair job.").

{¶13} Quest and the Administrator also argue that this case resembles this Court's decision in *Wissman v. Pro-Fab Industries, Inc.*, 9th Dist. Wayne No. 02CA0002, 2002-Ohio-3038. In *Wissman*, the employee "tripped over the tines of a forklift parked near the doorway of his plant manager's office." *Id*. at ¶ 2. The incident occurred, however, an hour before the employee's normal start time. He was on the grounds early because he "had an informal competition with a co-worker * * * to see which one of them could recycle the most empty soda cans from the plant." *Id*. at ¶ 10. Noting that the competition was not sponsored by Pro-Fab, that it was not a company policy or endeavor, and that the company received no benefit from the activity, this Court concluded that the employee's injury "was not sustained in the course of and arising out of his employment." *Id*. at ¶ 17. The facts of *Wissman* are distinguishable from those in this case, where Ms. White was injured in the company parking lot within a short time of clocking out for her lunch break.

{¶14} Quest and the Administrator further argue that Ms. White's injuries should not be compensable because, even though it owned the parking lot, the lot was under the control of the contractor who was performing the repair work. They have not provided any authority, however, to support their theory that an employer loses control over part of its premises by hiring an agent to perform repair work on it. In addition, there is no evidence in the record that indicates that Quest was unable to direct the work being performed by the contractor.

{¶15} Upon review of the record, we conclude that the trial court correctly concluded that there were no genuine issues of material fact and that Ms. White's injuries were compensable as a matter of law. The court, therefore, correctly granted Ms. White's motion for

summary judgment and correctly denied Quest's and the Administrator's motions for summary judgment. Quest's and the Administrator's assignments of error are overruled.

### III.

{¶16} Quest's and the Administrator's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.

CONCUR.

APPEARANCES:

MICHAEL DEWINE, Attorney General, and SARAH E. THOMAS, Assistant Attorney General, for Appellant.

TIMOTHY MARCOVY, Attorney at Law, for Appellant.

PATRICK MORO, Attorney at Law, for Appellee.