[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 425.]

DONNELLY ET AL., APPELLANTS, *v*. HERRON, APPELLEE.

[Cite as *Donnelly v. Herron*, 2000-Ohio-372.]

*Workers' compensation—R.C. 4123.741 extends immunity to a coemployee, when.*

R.C. 4123.741 extends immunity to a coemployee only when the actionable conduct occurs "in the course of, and arising out of," the coemployee's employment, within the meaning of that phrase in the Workers' Compensation Act.

(No. 99-496—Submitted December 15, 1999—Decided May 17, 2000.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 74324.

————————————

{¶ 1} The relevant facts in this case are not in dispute. Plaintiff-appellant, George F. Donnelly, and defendant-appellee, David C. Herron, were both employed by Saggio Protective Services, Inc. ("Saggio"), to work as security guards at the Avis Rental Car parking lot at Cleveland Hopkins Airport. On October 3, 1994, Herron, who had just completed his 12:00 p.m. to 6:00 p.m. shift and was leaving the parking lot, backed his automobile into Donnelly, who had just commenced his 6:00 p.m. to midnight shift and was verifying a customer's auto rental paperwork.

{¶ 2} Donnelly received workers' compensation benefits for his injuries and then brought suit in negligence against Herron. A derivative claim was brought by Joan Donnelly for loss of consortium as a result of her husband's injuries. Herron moved for summary judgment on the basis of the coemployee immunity provided in R.C. 4123.741. The trial court denied the motion and then approved a consent judgment in favor of George and Joan Donnelly, which preserved Herron's right to appeal the denial of summary judgment.

**{¶ 3}** The court of appeals reversed and remanded, finding that the trial court should have entered summary judgment in Herron's favor based on R.C. 4123.741.

**{¶ 4}** The cause is now before this court pursuant to the allowance of a discretionary appeal.

—————————————

*Krembs & Alkire, L.L.P.,* and *Richard C. Alkire*, for appellants.

*Richard K. Kuepper & Associates* and *Brian A. Meeker*, for appellee.

—————————————

**ALICE ROBIE RESNICK, J.**

**{¶ 5}** We are asked to determine whether Herron is immune from common-law tort liability under R.C. 4123.741, which provides:

"No employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code."

**{¶ 6}** The pivotal question is which test applies to determine whether the tortfeasor's actions are employment-related. Herron claims it is the workers' compensation test set forth in R.C. 4123.01(C), so that immunity attaches when the coemployee could have obtained workers' compensation benefits if he had been injured. Donnelly claims that the appropriate test is whether, apart from the workers' compensation statute, the coemployee's acts would have rendered the employer vicariously liable under the doctrine of *respondeat superior*.

**{¶ 7}** Professor Larson summarizes the law in this area as follows:

"It must be observed that the immunity attaches to the coemployee only when the coemployee is acting in the course of employment. This is consistent with the justification for the immunity just described, since the coemployee's employment status does not increase the risk of his causing nonindustrial injuries to his or her fellow-workers.

"The commonest question that arises in these cases is: which test of 'course of employment' applies? Is it the workers' compensation test, or the vicarious liability test? The answer may be dictated by the wording of the immunity clause itself. In California, for example, under the statutory phrase 'acting within the scope of his employment,' suit is barred against the coemployee only if at the time of the injury he or she was actively engaged in some service for the employer. Accordingly, it can readily happen in California—indeed has happened—that in a marginal course of employment situation an employee will be held to have been sufficiently within the course of employment to receive workers' compensation, but not sufficiently actively engaged in service for his or her employer to enjoy the immunity from suit conferred by the California Labor Code. Parking lot accidents are a familiar example of this marginal category, and in one such case, an employee who was struck by a coemployee's automobile after work on the employer's parking lot was held not barred from suing the coemployee, although the coemployee had actually been awarded workers' compensation benefits as for an injury in the course of employment.

"South Carolina, Nevada and Texas also have adopted the common-law test of scope of employment, as when in parking lot cases they have ruled that a tort action against the tortfeasor employee was not barred because under the circumstances the employer could not have been held liable in tort for the same injury.

"The more satisfactory test, unless expressly ruled out by statute, is that adopted by Illinois, New Jersey, Kentucky, Indiana, Oklahoma, and Florida, which

simply use the regular workers' compensation course of employment standard for this purpose. After all, there are troubles and complications enough administering one course of employment test under the act, without adding a second. By adopting the compensation test, a court has at hand a ready-made body of cases with which to dispose of most borderline situations. There is something mildly pathetic about the statement of a lower New York court, confronted with a run-of-the-mill going-and-coming-on-the-premises case, when it felt it could not say 'that merely being on company premises but still in their automobiles, they had resumed their employment. At what precise point . . . short of "punching in" may be difficult of definition or determination.' The determination would not be in the least difficult if the court merely followed the well-established going-and-coming rule." (Footnotes omitted and ellipsis *sic*.) 6 Larson's Workers' Compensation Law (1999) 111-12 to 111.14, Section 111.03[3]. See, also, Annotation, Right to Maintain Direct Action Against Fellow Employee for Injury or Death Covered by Workmen's Compensation (1968), 21 A.L.R.3d 845, 1968 WL 15836.

{¶ 8} In *Caygill v. Jablonski* (1992), 78 Ohio App.3d 807, 818, 605 N.E.2d 1352, 1359, the authority upon which Donnelly primarily relies, the court of appeals held that a coemployee is not immune from tort liability under R.C. 4123.741, where, at the time of injury, the coemployee was engaged in horseplay disconnected from his employment. However, in determining whether the tortfeasor-coemployee's actions were employment-related, the court relied on "cases dealing with * * * the rule and rationale pertaining to whether the *injured employee* is entitled to [workers'] compensation when engaged in horseplay." (Emphasis *sic*.) *Id.*, 78 Ohio App.3d at 816, 605 N.E.2d at 1357.

{¶ 9} In fact, the *Caygill* court relied on *Puckett v. Miller* (App.1980), 19 O.O.3d 349, 350-351, for the proposition that " '[i]f the employee who commits the tort is in a position and engaged in an activity which, were he the injured party, would be "in the course of his employment" then he is an "employee" as defined in

4

R.C. 4123.01 and is absolved of liability by R.C. 4123.741.' " *Id.*, 78 Ohio App.3d at 817, 605 N.E.2d at 1358. In *Puckett*, the court held that a coemployee is immune from tort liability under R.C. 4123.741, where, at the time of injury, the coemployee was parking his car in the employer's parking lot before his own work shift began. Thus, although well reasoned, *Caygill* is not supportive of Donnelly's position.

{¶ 10} Moreover, R.C. 4123.741 does not allow for the scope of employment test suggested by Donnelly. The definition of "employee" set forth in R.C. 4123.01(A)(1)(a), as "[e]very person in the service of" a qualifying employer, is equally applicable to both employees who form the subject of R.C. 4123.741. Thus, nothing more is required of the employee seeking immunity to be "in the service of" the employer than is required of the injured employee in obtaining compensation coverage. In addition, any employee who seeks workers' compensation benefits must be in the service of a qualifying employer, and if we held that a coemployee is not in the service of a qualifying employer while driving in the employer's parking lot on his way to and from work, we would put in serious jeopardy the rights of an entire class of injured claimants who seek workers' compensation benefits under similar circumstances.

{¶ 11} In *Marlow v. Goodyear Tire & Rubber Co.* (1967), 10 Ohio St.2d 18, 39 O.O.2d 11, 225 N.E.2d 241, syllabus, we held:

"An employee who, on his way from the fixed situs of his duties after the close of his work day, is injured in a collision of his automobile and that of a fellow employee occurring in a parking lot located adjacent to such situs of duty and owned, maintained and controlled by his employer for the exclusive use of its employees, receives such injury 'in the course of, and arising out of' his employment, within the meaning of that phrase in the Workers' Compensation Act, Section 4123.01(C), Revised Code."

{¶ 12} The application of this principle has even more force in the present case because the Avis parking lot was the situs of Herron's employment. Thus, Herron was acting in the course of, and arising out of, his employment with Saggio when he negligently injured Donnelly, and is entitled to immunity under R.C. 4123.741.[1]

{¶ 13} Accordingly, we hold that R.C. 4123.741 extends immunity to a coemployee only when the actionable conduct occurs "in the course of, and arising out of," the coemployee's employment, within the meaning of that phrase in the Workers' Compensation Act.

{¶ 14} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and PFEIFER, JJ., concur separately.

———————————

**DOUGLAS, J., concurring.**

{¶ 15} I concur in the well-reasoned opinion and in the judgment of the majority. I write separately only to make the point that in this case, or as soon as is practicable hereafter, we should revisit our decision in *State Farm Mut. Auto. Ins. Co. v. Webb* (1990), 54 Ohio St.3d 61, 562 N.E.2d 132. While not *directly* pertinent to the facts and decision in the case now before us, the facts and outcome do, ultimately, raise the *Webb* issue.

{¶ 16} In the case at bar, Herron, as so well explained by Justice Resnick, is immune from suit by Donnelly because, and only because, of R.C. 4123.741. On this basis (R.C. 4123.741) and on the authority of *Webb*, Herron's liability carrier can deny coverage for Donnelly's injury, notwithstanding Herron's negligence in

---

1. The court of appeals also found that "[s]ince Herron has committed no legally cognizable tort against [Donnelly's] spouse, Mrs. Donnelly has no derivative claim to loss of consortium." This finding has not been challenged and, therefore, stands. Cf. *Maynard v. Henderson* (1982), 3 Ohio App.3d 403, 3 OBR 469, 445 N.E.2d 727.

operating his vehicle and injuring Donnelly. To me then, that makes Herron an uninsured motorist and Donnelly, if he has uninsured motorist coverage in his own automobile liability policy, should be able to access his own uninsured motorist coverage to compensate for his injuries caused by the uninsured driver, Herron. I rely, in support of this proposition, on former R.C. 3937.18(D), which provides that "[f]or the purpose of this section, [R.C. 3937.18(A)(1) and (2)] a motor vehicle is uninsured if the *liability insurer* denies coverage * * *." (Emphasis added.) Further, R.C. 3937.18(F) provides that "[t]he coverages required by this section [R.C. 3937.18(A)(1) and (2)] shall not be made subject to an exclusion of reduction in amount because of any workers' compensation benefits payable as a result of the same injury or death." See, also, *Webb* at 73, 562 N.E.2d at 142-143 (Douglas, J., dissenting).

{¶ 17} Thus, in the case now before us, I would go further and make it clear that our holding should not be, considering *Webb*, construed to be a bar to Donnelly's recovering under his own uninsured motorist policy (if he has such coverage) for the injuries he received due to the negligence of the tortfeasor, Herron.

{¶ 18} Accordingly, I respectfully concur.

PFEIFER, J., concurs in the foregoing concurring opinion.

————————————