JOURNAL ENTRY and OPINION.
{¶ 1} The material facts of this workers' compensation case are undisputed. Claimant Maudest Watkins injured herself while parking her car in a garage owned by her employer, defendant Metrohealth Systems. Dissatisfied with the way she had pulled her car into a parking space, Watkins backed out of the space and tried to park the car again. While doing so, her foot slipped off the brake and onto the accelerator, causing her car to ram another parked car. Watkins filed a claim for workers' compensation benefits. The matter was tried to the court and the court found Watkins eligible to participate in the workers compensation fund. Metrohealth appeals, claiming that Watkins was not legally entitled to benefits.
 {¶ 2} This case is governed by the "coming and going" rule, which states that an employee with a fixed place of employment, who is injured while traveling to or from his or her place of employment, is not entitled to participate in the workers' compensation fund. See MTDProducts v. Robatin (1991), 61 Ohio St.3d 66, 68. There are three exceptions in which the coming and going rule does not apply: (1) the injury occurs within the zone of employment; (2) the employment creates a special hazard or (3) there is a causal connection between the employee's injury and employment based on the totality of circumstances surrounding the accident. MTD Products, 61 Ohio St.3d at 69. None of these exceptions to the coming and going rule apply in this case.
 {¶ 3} Watkins was not in the "zone of employment." Even though Metrohealth owned the parking lot where the accident occurred, Watkins was not required to use the parking lot. She did so at her discretion, admitting that she chose to drive her car and park at that lot as a matter of convenience, not necessity. She had several options in parking available to her, including parking on a public street. See Johnston v.Case Western Reserve Univ. (2001), 145 Ohio App.3d 77, 84.
 {¶ 4} It has been suggested to us that Donnelly v. Herron (2000),88 Ohio St.3d 425, stands for the proposition that an employer's parking lot can be the zone of employment for an injury occurring while an employee left work for the day. Donnelly is highly distinguishable because the injured employee worked for a rental car company in the same lot where he parked his vehicle the parking lot was his place of business, so any injuries he sustained were necessarily within the zone of danger. It would be disingenuous to hold Donnelly up as authority for the proposition that a "zone of employment" includes an employer's parking lot.
 {¶ 5} Watkins also fails the special hazard test because she cannot show that the risk of injury to her was greater than that faced by the public. The evidence showed that Watkins was parking her car in a public garage, much like any other person would do. In no way did this expose her to any greater risk of injury than that faced by any other person who was using the parking garage. Id.
 {¶ 6} Finally, Watkins fails the totality of the circumstances test because she cannot show that Metrohealth derived some particular benefit from her presence within the garage. In Johnston, we considered a very similar issue when an employee/pedestrian was killed after being struck by a motorist as she exited her place of employment. We held that Case Western did not derive any particular benefit from Johnston's presence on a sidewalk after leaving work. The same facts apply here. Metrohealth did not derive any benefit from Watkins' presence in the parking garage at the time she rammed the other car.
 {¶ 7} Because Watkins failed to show that she fell within any of the exceptions to the coming and going rule, the court erred by finding her eligible to participate in the workers' compensation fund. The assigned error is sustained.
 {¶ 8} Judgment vacated.
This cause is vacated.
It is, therefore, ordered that said appellant recover of said appellee its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., CONCURS.
 DIANE KARPINSKI, J., DISSENTS WITH SEPARATE DISSENTING OPINION.