OPINION
{¶ 1} Plaintiff-appellant Serena Schmitz, both individually and as the administrator of the estate of Terry D. Schmitz, II, deceased, appeals from an order of the trial court dismissing her complaint against the Xenia Board of Education, defendant-appellee, for failure to state a claim upon which relief can be granted. Schmitz contends that the trial court erred in concluding that her complaint, sounding in employer intentional tort, is barred by the statutory immunity provided to school districts and other governmental entities by R.C. 2744.02 et seq. She contends that her cause of action is subject to an exception to statutory municipal immunity relating "to any matter that arises out of the employment relationship between the employee and the political subdivision." R.C. 2744.09(B).
 {¶ 2} We conclude that a cause of action for employer intentional tort cannot arise out of a plaintiff's employment or a plaintiff's decedent's employment, or it would be barred by the immunity extended to employers by virtue of R.C. 4123.74.
 {¶ 3} In her reply brief, for the first time, Schmitz contends that her causes of action for loss of consortium and infliction of emotional distress should not have been dismissed because they are not derivative claims. This argument was not made in Schmitz' original brief, and is not responsive to any arguments set forth in the Xenia Board of Education's brief. Accordingly, we conclude that that is not properly raised.
 {¶ 4} The judgment of the trial court is Affirmed.
 I {¶ 5} In her complaint, Schmitz alleged that her husband, Terry Schmitz, was fatally injured when he fell from a personnel lift while, in his capacity as a custodian for the Board, he was attempting to replace a lightbulb in an outdoor parking lot. Schmitz further alleged in her complaint that the Board of Education knew of the existence of a dangerous process, procedure, instrumentality or condition "within its business operation," and knew that if her decedent was subjected by his employment to that dangerous process, procedure, instrumentality or condition then harm to her decedent "will be a substantial certainty"; that the Board acted to require her decedent to continue to work under those dangerous conditions; and that the Board "was more than negligent and more than reckless [and] knew that injury to [her] decedent * * * was certain or substantially certain to result from making him work under such circumstances."
 {¶ 6} The twelfth paragraph of Schmitz's complaint is worth setting forth in full: "12. Pursuant to Mitchell v. Lawson Milk Co.,40 Ohio St.3d 190 (1988), Plaintiff alleges the following facts, without limitation, not all-inclusive, and without the benefit of complete discovery, to show that Defendant Xenia Board of Education knew that injury to Plaintiff's decedent Employee Terry D. Schmitz, II, was substantially certain to result and yet required Plaintiff's decedent Employee Terry D. Schmitz, II, to work under such circumstances despite such knowledge:
 {¶ 7} "(A) The Defendant Xenia Board of Education did not furnish employment and a place of employment which were free from recognized hazards that were causing or likely to cause death or serious physical harm to employees, in that the out rigging devices provided with the Genie personnel lift were not utilized; yet, despite knowledge of the risk of harm to an employee operating and/or using such life, Defendant Xenia Board of Education required Plaintiff's decedent Terry D. Schmitz, II, to work such that a tip over of the lift and hence serious injury was substantially certain to occur.
 {¶ 8} "(B) Defendant Xenia Board of Education did not assess hazards regarding the use of the Genie personnel lift; yet, despite knowledge of the risk inherent in operating a Genie personnel lift without the use of outrigging devices, Defendant Xenia Board of Education required Plaintiff's decedent Terry D. Schmitz, II, to work such that the lift could tip over and hence serious injury was substantially certain to occur.
 {¶ 9} "(C) Defendant Xenia Board of Education knowingly failed to provide appropriate training pursuant to Hannah v. Dayton Power Light, 82 Ohio St.3d 42 (1998), including, but not limited to, the use of the Genie personnel lift yet, despite knowledge of the risk in operating a the [sic] Genie personnel lift without proper training, required Plaintiff's decedent Terry D. Schmitz, II, to work such that tip over of the lift and hence serious injury was substantially certain to occur.
 {¶ 10} "(D) Defendant Xenia Board of Education knowingly failed to promulgate and enforce polices and/or procedures regarding the use of the genie personnel Lift in high winds, without assistance, and without conditioning use of the lift on using the outriggers.
 {¶ 11} "Despite knowledge of these requirements of the law, Defendant Xenia Board of Education failed to comply with said requirements and required Plaintiff's decedent Terry D. Schmitz, II, to work under circumstances such that a tip over of the Genie Personnel Lift was substantially certain to occur, and in fact did occur, proximately causing Plaintiff's decedent injuries, death and damages."
 {¶ 12} The Board moved to dismiss Schmitz's complaint for failure to state a claim upon which relief could be granted, pursuant to Civ.R. 12(B)(6). The Board asserted that it is immune from liability by virtue of R.C. Chapter 2744. The trial court agreed with the Board and dismissed the complaint. Schmitz appeals from the dismissal of her complaint.
 II {¶ 13} Schmitz's sole assignment of error is as follows:
 {¶ 14} "The trial court erred to the prejudice of appellant by granting appellee's motion to dismiss."
 {¶ 15} Both parties agree that the statutory immunity from liability enjoyed by school districts and other political subdivisions of the State of Ohio is subject to the following exception: "Civil actions by an employee, or the collective bargaining representative of an employee against his political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision." R.C. 2744.09(B). Schmitz contends that her cause of action for an employer intentional tort comes within the above-quoted exception to municipal immunity. The Board argues that it does not.
 {¶ 16} We addressed this very question in Stanley v. City ofMiamisburg (Jan. 28, 2000), Montgomery App. No. 17912. We concluded, in that decision, that a cause of action for an employer intentional tort is not related to "any matter that arises out of the employment relationship between the employee and the political subdivision." The essence of an employer intentional tort is that the intentional injury "effects a complete breach of the employment relationship, and for purposes of the legal remedy for such an injury, the two parties are not employer and employee, but intentional tortfeasor and victim. . . ." Brady v.Safety-Kleen Corp. (1991), 61 Ohio St.3d 624, 634.
 {¶ 17} Schmitz urges us to reconsider our decision in Stanley v.City of Miamisburg, supra, in light of Donnely v. Herron (2000),88 Ohio St.3d 425. In that case, an employee was injured when a fellow employee who was just leaving the parking lot where they were both employed as security guards, backed his automobile into the first employee. The issue was whether the injury had been received by the injured employee "in the course of, and arising out of, [his] employment," which would result in immunity pursuant to R.C. 4123.741. The Ohio Supreme Court held that the first employee was acting in the course of, and arising out of, his employment when he negligently injured the second employee, so that the first employee was entitled to immunity under R.C. 4213.741.[1]
 {¶ 18} We are not persuaded that Donnely v. Herron, supra, affects the analysis in Stanley v. City of Miamisburg, supra. The immunity provided to employers under the workers' compensation statute is comparable to the immunity provided to fellow employees under that statute. The immunity provided to employers is set forth in R.C. 4123.74, as follows: "Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury * * * received * * * by any employee in the course of or arising out of his employment * * *."
 {¶ 19} Considering the municipal immunity and workers' compensation immunity statutes together, there appear to be two mutually exclusive possibilities. Either an injury received by an employee arises out of his employment, in which event the employer is entitled to immunity under R.C. 4123.74, or the injury does not arise out of his employment, in which event the exception to municipal immunity provided for in R.C. 2744.09(B) does not apply. The essence of a cause of action for an employer intentional tort is that the injury is not received by an employee "in the course of or arising out of his employment." Otherwise, the employer would be entitled to workers' compensation immunity pursuant to R.C. 4123.74.
 {¶ 20} In short, Schmitz cannot have it both ways. She cannot assert that her late husband's injury arose out of his employment relationship with the Board, for purposes of claiming the exception to municipal immunity, while simultaneously claiming that the injury did not arise out of his employment, so as to avoid workers' compensation immunity. We are not persuaded that we should overrule Stanley v. City ofMiamisburg, supra, which we approve and follow.
 {¶ 21} Near the very end of her reply brief, Schmitz argues, for the first time, that her causes of action for loss of consortium and for infliction of emotional distress are independent claims, and are not derivative of the wrongful death claim. In her original brief, Schmitz did not refer to any causes of action other than the employer intentional tort claim. At no point in her original brief did Schmitz contend that the trial court improperly dismissed her other causes of action.
 {¶ 22} The filing of a reply brief is provided for in App.R. 16(C), which provides, in pertinent part, that: "The appellant may file a brief in reply to the brief of appellee * * *." Because a reply brief is intended to constitute a reply to the appellee's brief, new assignments of error are not permitted. Sheppard v. Mack (1980), 68 Ohio App.2d 95,97, fn. 1. Although Schmitz did not set forth any additional assignments of error in her reply brief, she has made a completely new argument, which is not responsive to any argument made by the Board of Education in its brief. For that reason, alone, we decline to consider it. We note, however, that if her causes of action for loss of consortium and for infliction of emotional distress are to be considered independent of the employer intentional tort cause of action, there would not seem to be any way that these causes of action could be deemed to be "by an employee * * * against his political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision." Since that is the exception to municipal immunity upon which Schmitz relies, it would appear that this argument, even if we were to consider it, would be self-defeating.
 {¶ 23} Schmitz's sole assignment of error is overruled.
 III {¶ 24} Schmitz's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
GRADY and YOUNG, JJ, concur.
[1] Although it would not appear to have made any difference in theDonnely case, we do not understand why the Ohio Supreme Court was concerned with whether the injury was received in the course of or arising out of the tortfeasor's employment, since R.C. 4123.741 appears to be concerned with whether the injury was received in the course of and arising out of the injured employee's employment.