[Cite as *Kenney v. Ables*, 2016-Ohio-2714.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KRISTIN KENNEY, ET AL. | JUDGES:<br>Hon. Sheila G. Farmer, P.J. |
| Plaintiffs-Appellants | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 15-CA-68 |
| SARAH ABLES, ET AL. | |
| Defendants-Appellees | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Licking County Court of Common Pleas, Case No. 13 CV 01202 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 26, 2016 |
| APPEARANCES: | |

For Plaintiffs-Appellants

For Defendants-Appellees
Sarah Ables

C. DANIEL HAYES
Hayes Law Offices
195 E. Broad Street
PO Box 958
Pataskala, Ohio 43062

BELINDA S. BARNES
Gallagher, Gams, Pryor,
Tallan & Littrell LLP
471, East Broad St, 19th Floor
Columbus, Ohio 43215-3872

AND

For Defendants-Appellees
Progressive Casualty Insurance Co., Inc.

JOEL S. MCPHERSON
Progressive Direct Insurance Company
5115 Parkcenter Ave, Suite 260
Dublin, Ohio 43017

*Hoffman, J.*

{¶1}   Plaintiffs-appellants Kristin Kenney, et al. (hereinafter "Appellant Kristin" and "Appellant Stephen", individually; "Appellants", collectively) appeal the August 18, 2015 Judgment Entry entered by the Licking County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee Sarah Ables.

STATEMENT OF THE FACTS AND CASE

{¶2}   Appellant Kristin and Appellee were both employed at Kohl's Department Store in Newark, Ohio.  On December 23, 2011, Appellant Kristin and Appellee left the store after completing their shifts and were walking to their respective vehicles which were parked in the employee area of the store parking lot.  Appellee owned a 1997 Acura CL which had a manual transmission and was equipped with an automatic starter.  As she approached her vehicle, Appellee depressed what she thought was the door unlock button on her key fob.  The Acura, which was in gear, automatically started, jumped a curb, and struck Appellant Kristin, pinning her to the building.  Appellant Kristin sustained significant injuries as a result.

{¶3}   On December 5, 2013, Appellant Kristen and her husband, Appellant Stephen, filed a Complaint against Appellee in the Licking County Common Pleas Court, asserting claims of negligence and loss of consortium. Appellee answered, maintaining she was entitled to immunity pursuant to R.C. 4123.741, because the injury occurred "in the course of and arising out of" Appellant Kristin's employment; therefore, was compensable under the workers' compensation statutes.

{¶4}   Appellant Kristin subsequently filed for Workers' Compensation benefits based upon the injuries sustained as a result of this accident. The Bureau of Workers'

Compensation found Appellant Kristen was entitled to benefits. The trial court stayed the matter pending the workers' compensation appeal. The decision was affirmed on appeal by a Staff Hearing Officer of the Ohio Industrial Commission on December 8, 2014.

{¶5} The trial court reactivated the case on May 18, 2015. On May 26, 2015, Appellee filed a motion for summary judgment premised upon the Fellow Servant Immunity Doctrine, R.C. 4123.741. Appellants filed a memorandum contra on June 17, 2015, and Appellee filed a reply on July 1, 2015.

{¶6} Via Judgment Entry filed August 18, 2015, the trial court granted summary judgment in favor of Appellee, and dismissed Appellants' complaint. The trial court found "the actionable conduct of engaging the automatic starter occurred in the course of employment." The trial court added "assuming the alleged actionable conduct could have occurred prior to the incident, [Appellant] has come forth with no evidence of [Appellee's] negligence." The trial court further found Appellant Stephen's claim of loss of consortium was derivative; therefore, because it found Appellee was not liable to Appellant Kristin, Appellee could not be liable to Appellant Stephen.

{¶7} It is from this judgment entry Appellants appeal, raising as their sole assignment of error:

"I. THE LOWER COURT COMMITTED REVERSIBLE ERROR WHEN IT IMPROPERLY WEIGHED THE SUBMITTED EVIDENCE AND GRANTED APPELLANTS' [SIC] MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF R.C. 4123.741 CO-EMPLOYEE IMMUNITY."

## SUMMARY JUDGMENT

**{¶8}** Civ. R. 56 states in pertinent part:

**{¶9}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

**{¶10}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 424 N.E.2d 311. The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Inds. of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 474 N.E.2d 271. A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.* (6th Dist.1999), 135 Ohio App.3d 301, 733 N.E.2d 1186.

{¶11} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212. This means we review the matter de novo. *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000–Ohio–186, 738 N.E.2d 1243.

{¶12} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Once the moving party meets its initial burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle* (12th Dist.1991), 75 Ohio App.3d 732, 600 N.E.2d 791.

I

{¶13} In their sole assignment of error, Appellants maintain the trial court erred in granting summary judgment in favor of Appellee.

{¶14} R.C. 4123.74 and 4123.741 provide civil immunity to a fellow employee who causes an accident to a co-worker while the activity is related to the "victim" employee's employment. Specifically, R.C. 4123.741 provides:

No employee of any employer as defined it division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee or such employer in the course of and

arising out of the later employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under sections 4123.01 to 4123.94, inclusive of the Revised Code.

{¶15} In *Marlow v. Goodyear Tire & Rubber Co.* (1967), 10 Ohio St.2d 18, the Ohio Supreme Court expounded on the meaning of the term "in the course and arising out of" as it relates to injuries sustained by an employee while in the parking lot of his/her employer:

An employee who, on his way from the fixed situs of his duties after the close of his workday, is injured in a collision of his automobile and that of a fellow employee occurring in a parking lot adjacent to such situs of duty and owned, maintained and controlled by his employer for the exclusive use of its employees, receives such injury "in the course of, and arising out of" his employment, within the meaning of that phrase in the Workmen's Compensation Act, Section 4123.01(C), Revised Code.

{¶16} The parties do not dispute Appellant Kristin sustained her injuries "in the course of, and arising out of" her employment. Appellant Kristin and Appellee were employees of Kohl's at the time of the accident. They had both exited the store after completing their shifts and were walking to their respective vehicles, located in the Kohl's parking lot, when the accident occurred. Furthermore, the Bureau of Workers' Compensation found Appellant Kristin was entitled to benefits as a result of the injuries sustained when she was struck by Appellee's vehicle.

**{¶17}** Appellants, however, argue the trial court incorrectly concluded Appellee's actionable conduct occurred "in the course of, and arising out of" her employment.

**{¶18}** In *Donnelly v. Herron* (2000), 88 Ohio St.3d 425, the Ohio Supreme Court held: "R.C. 4123.721 extends immunity to a coemployee only when the actionable conduct occurs 'in the course of, and arising out of' the coemployee's employment within the meaning of that phrase in the Workers' Compensation Act." The *Donnelly* Court noted:

The definition of "employee" set forth in R.C. 4123.01(A)(1)(a), as "every person in the service of" a qualifying employer, is equally applicable to both employees who form the subject of R.C. 4123.741. Thus, nothing more is required of the employee seeking immunity to be "in the service of" the employer than is required of the injured employee in obtaining compensation coverage. In addition, any employee who seeks workers' compensation benefits must be in the service of a qualifying employer, and if we held that a coemployee is not in the service of a qualifying employer while driving in the employer's parking lot on his way to and from work, we would put in serious jeopardy the rights of an entire class of injured claimants who seek workers' compensation benefits under similar circumstances. *Id.* at 428-29.

**{¶19}** Appellants assert Appellee's actionable conduct was not the result of her coming or going to work, but rather the result of her maintaining a manual transmission vehicle with a faulty automatic starter for four years. Appellants submit Appellee was aware the automatic starter was faulty long before the accident; therefore, the actionable

conduct did not occur "in the course of and arising out of" her employment.  We disagree. Appellee's actionable conduct was the depressing of the automatic starter button, which occurred "in the course of and arising out of" her employment. We find Appellants failed to present evidence Appellee knew the starter was faulty.  Appellee testified she knew the vehicle had an automatic starter, but, in the four years she owned the vehicle, she never used the automatic starter and did not believe it worked.

{¶20} We now turn to Appellants argument the trial court erred in granting summary judgment in favor of Appellee on Appellant Stephen's loss of consortium claim. "[A] claim for loss of consortium is derivative in that the claim is dependent upon the defendants having committed a legally cognizable tort upon the spouse who suffers bodily injury." *Donnelly,* supra at *7 citing *Bowen v. Kil-Kare, Inc.* (1992), 63 Ohio St. 3d 84. Because Appellee is not liable to Appellant Kristin for injuries pursuant to R.C. 4123.741, there is no legally cognizable tort against Appellee; therefore, Appellant Stephen has no derivative claim to loss of consortium.

{¶21}  Appellants' sole assignment of error is overruled.

{¶22} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, J.

Farmer, P.J.  and

Baldwin, J. concur