[Cite as *Kronjak v. New Plaza Mgt. L.L.C.*, 2017-Ohio-1184.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ELEANOR KRONJAK, et al.

    Appellants

    v.

NEW PLAZA MANAGEMENT, LLC,
et al.

    Appellees

C.A. No.      28302

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2015-07-3574

DECISION AND JOURNAL ENTRY

Dated: March 31, 2017

SCHAFER, Judge.

{¶1} Plaintiffs-Appellants, Eleanor and Michael Kronjak ("the Kronjaks"), appeal the judgment of the Summit County Court of Common Pleas granting Defendant-Appellee, New Plaza Management, LLC's, motion for summary judgment. For the reasons set forth below, we affirm.

I.

{¶2} At approximately 8:15 p.m. on July 19, 2014, Mrs. Kronjak sustained injuries after falling in the parking lot of a restaurant located within a shopping plaza in Northfield, Ohio. The Kronjaks, who frequently dined at this particular restaurant, usually parked in the handicap parking spaces near the restaurant's entrance. On that day, however, all of the handicap parking spaces were taken and the Kronjaks were forced to park in a regular parking space that was further away from the restaurant's entrance.

{¶3}   After they finished eating dinner, the Kronjaks left the restaurant and walked to their car.  As Mrs. Kronjak was attempting to enter the front passenger seat of the car unaided, she stepped into an unseen hole that was located "underneath and next to the passenger door of the vehicle."  The hole measured approximately five to six inches deep, two to two and a half inches long, and one to one and a half feet wide.  Upon stepping into the hole, Mrs. Kronjak fell to the pavement and sustained a fracture to her left wrist and injuries to her left hip and leg.

{¶4}   On July 16, 2015, the Kronjaks filed a complaint in the Summit County Court of Common Pleas asserting a negligence claim against New Plaza Management, LLC.  Mr. Kronjak also asserted a claim for loss of services, consortium, and companionship of his wife for a period of time following the incident in question.  New Plaza Management, LLC thereafter filed an answer denying the allegations set forth in the Kronjaks' complaint.  The matter then proceeded through the discovery process.

{¶5}   On May 5, 2016, New Plaza Management, LLC filed a motion for summary judgment with respect to the Kronjaks' negligence and loss of consortium claims on the basis that the hole in the shopping plaza's parking lot was open and obvious and not an unreasonably dangerous condition.  On June 6, 2016, the Kronjaks filed a brief in opposition to New Plaza Management, LLC's motion for summary judgment.  On June 17, 2016, the trial court granted summary judgment in favor of New Plaza Management, LLC.  In so doing, the trial court concluded that the hole in the shopping plaza's parking lot where Mrs. Kronjak fell was an open and obvious danger, thus obviating New Plaza Management, LLC's duty to warn Mrs. Kronjak, an invitee, of hazardous conditions on its premises and barring her negligence claim.

{¶6}   The Kronjaks filed this timely appeal and raise one assignment of error for our review.

II.

## Assignment of Error

**The trial court erred in granting the Defendant's Motion for Summary Judgment since genuine issues of material fact existed demonstrating that Defendant breached its duty of care to maintain the premises in a reasonably safe condition, which breach of duty directly and proximately caused Plaintiff Eleanor Kronjak to sustain her injuries and damages.**

{¶7} In their sole assignment of error, the Kronjaks argue that the trial court erred by granting New Plaza Management, LLC's motion for summary judgment. We disagree.

## A. Standard of Review

{¶8} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is only appropriate where (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. Civ.R. 56(C). Before making such a contrary finding, however, a court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

{¶9} Summary judgment consists of a burden-shifting framework. To prevail on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of

responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

## B. The Open and Obvious Doctrine

{¶10} To obtain relief in a negligence action, the plaintiff "must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of duty." *Mondi v. Stan Hywet Hall & Gardens, Inc.*, 9th Dist. Summit No. 25059, 2010–Ohio–2740, ¶ 11. In premises liability cases, "[i]t is the duty of the owner of the premises to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition." *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68 (1986). However, "[a] shopkeeper is not * * * an insurer of the customer's safety," *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203 (1985), and when "a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises," *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003–Ohio–2573, syllabus; *see also Andamasaris v. Annunciation Greek Orthodox Church*, 9th Dist. Summit No. 22191, 2005–Ohio–475, ¶ 14 ("An owner is under no duty to protect its customers from dangers * * * otherwise so obvious and apparent that a customer should reasonably be expected to discover them and protect herself from them."). As a result, the presence of an open and obvious danger "acts as a complete bar to any negligence claims." *Armstrong* at ¶ 5. The reasoning for such a complete bar "is that the open and obvious nature of the hazard itself serves as a warning [and the owner] may reasonably expect that persons entering the premises will discover [the hazard] and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644 (1992).

{¶11} "Open and obvious dangers are not hidden, are not concealed from view, and are discoverable upon ordinary inspection." *Zambo v. Tom–Car Foods*, 9th Dist. Lorain No.

09CA009619, 2010–Ohio–474, ¶ 8. To decide whether a hazard is open and obvious, we must resolve "'the determinative issue [of] whether the [hazardous] condition is observable.'" *Baker v. Bob Evans Farms, Inc.*, 9th Dist. Wayne No. 13CA0023, 2014–Ohio–2850, ¶ 11, quoting *Kirksey v. Summit Cty. Parking Deck*, 9th Dist. Summit No. 22755, 2005–Ohio–6742, ¶ 11. Our inquiry on this point is an objective one and the fact that a plaintiff was unaware of the hazard is not dispositive. *Goode v. Mt. Gillion Baptist Church*, 8th Dist. Cuyahoga No. 87876, 2006–Ohio–6936, ¶ 25. Additionally, to resolve this issue, we "must look to the totality of the circumstances, considering 'both the nature of the dangerous condition and any attendant circumstances that may have existed at the time of the injury.'" *Baker* at ¶ 11, quoting *Gehm v. Tri–Cty., Inc.*, 9th Dist. Lorain No. 09CA009693, 2010–Ohio–1080, ¶ 8; *see also Gardner v. Kinstlinger*, 9th Dist. Summit No. 26374, 2012–Ohio–5486, ¶ 11 (noting that "[t]he existence of attendant circumstances does not create an exception to the open and obvious doctrine" but are rather "considered as part of the totality of the circumstances in determining whether a genuine issue of material fact exists regarding whether a reasonable person would have discovered the hazard."). Although the courts have not developed a "precise definition of attendant circumstances," *Jenks v. Barberton*, 9th Dist. Summit No. 22300, 2005–Ohio–995, ¶ 16, the phrase encompasses "'all facts relating to a situation such as time, place, surroundings, and other conditions that would unreasonably increase the typical risk of a harmful result of an event.'" *Marock v. Barberton Liedertafel*, 9th Dist. Summit No. 23111, 2006–Ohio–5423, ¶ 13, quoting *Hudspath v. The Cafaro Co.*, 11th Dist. Ashtabula No. 2004–A–0073, 2005–Ohio–6911, ¶ 19. With these principles in mind, we turn to the nature of the hazard presented by the hole in the parking lot in this matter.

### C. Analysis and Conclusion

{¶12} In support of its motion for summary judgment, New Plaza Management, LLC argued that the hole in the shopping plaza's parking lot constituted an open and obvious condition. In so arguing, New Plaza Management, LLC points to Mr. Kronjak's deposition, wherein Mr. Kronjak testified that although he did not notice anything unusual about the parking lot prior to his wife's fall, he did observe while entering the restaurant when there was still daylight that some areas of the parking lot were in need of repair. New Plaza Management, LLC also attached photographs to its summary judgment motion to support its argument that the hole was an open and obvious condition. These photographs depict the hole in the shopping plaza's parking lot and the hole's relation to the restaurant's entrance.

{¶13} Additionally, New Plaza Management, LLC's motion for summary judgment asserted that no attendant circumstances were present at the time that Mrs. Kronjak fell and sustained her injuries. In arguing this point, New Plaza Management, LLC again points to Mr. Kronjak's deposition wherein no testimony was provided suggesting that Mrs. Kronjak was distracted immediately prior to stepping into the hole and falling to the pavement. Moreover, Mr. Kronjak testified that he was familiar with the parking lot in question, as he and Mrs. Kronjak frequented the restaurant within the plaza after church every week and have done so for "a couple of years." Lastly, Mr. Kronjak testified that the weather on the day in question was a little cloudy and misty, "but it wasn't that bad."

{¶14} Based on the foregoing evidence, we determine that New Plaza Management, LLC satisfied its initial *Dresher* burden in proving that no genuine issue of material fact exists regarding whether the hole in the shopping plaza parking lot constituted an open and obvious condition.

{¶15} With New Plaza Management, LLC having met its initial burden on summary judgment, the burden then shifted to the Kronjaks as the non-moving party to provide specific facts which would demonstrate the existence of a "genuine triable issue" to be litigated at trial. *Tompkins*, 75 Ohio St.3d at 449. In their opposition brief, the Kronjaks argue that the hole in question was not an open and obvious condition. In support of their argument, the Kronjaks also solely rely upon Mr. Kronjak's deposition. Specifically, the Kronjaks point to the portion of Mr. Kronjak's deposition where he testified that it was difficult to see the hole in question because it blended in with the parking lot and was also partially located underneath his car.

{¶16} Upon consideration of the Kronjaks' brief in opposition to New Plaza Management, LLC's motion for summary judgment, we determine that the Kronjaks failed to satisfy their reciprocal burden on summary judgment. Based on Mr. Kronjak's testimony, there is no genuine issue of material fact that the hole that caused Mrs. Kronjak to fall was an open and obvious hazard. The record indicates that the 18"W x 2-2.5"L x 6"D hole was not unobservable or undiscoverable. In fact, Mr. Kronjak testified that while walking into the restaurant prior to Mrs. Kronjak's fall, he observed that areas of the parking lot were in need of repair. The fact that Mrs. Kronjak did not see the hole in the pavement prior to falling does not change the condition from being open and obvious. *Goode*, 2006–Ohio–6936, at ¶ 25. Moreover, the fact that the hole was partially located underneath the Kronjaks' vehicle is not of consequence since "an attendant circumstance must be of the property owner's making and beyond the control of the injured party." *Howard v. Meat City, Inc.*, 3d Dist. Allen No. 1-16-32, 2016-Ohio-7989, ¶ 21 (determining that a hole measuring smaller in size than the hole in the present case was not an attendant circumstance barring the application of the open and obvious doctrine since the

plaintiff's vehicle obscuring the hole created the circumstance and that circumstance was not unusual), citing *Shipman v. Papa John's*, 3d Dist. Shelby No. 17-14-17, 2014-Ohio-5092, ¶ 29.

{¶17} Thus, we determine that there is no genuine issue of material fact that the hole was an open and obvious condition. Accordingly, we conclude that the trial court did not err in granting summary judgment in favor of New Plaza Management, LLC on the Kronjaks' negligence claim. And, having determined that summary judgment was proper as to the Kronjaks' negligence claim, we also conclude that the trial court properly granted summary judgment in favor of New Plaza Management, LLC on Mr. Kronjak's derivative loss-of-consortium claim. *See Howard* at ¶ 25, citing *Kenney v. Ables*, 5th Dist. Licking No. 15-CA-68, 2016-Ohio-2714, ¶ 20; *see also Donnelly v. Herron*, 8th Dist. Cuyahoga No. 74324, 1999 WL 35345, *2 (Jan. 21, 1999) ("[A] claim for loss of consortium is derivative in that the claim is dependent upon the defendants having committed a legally cognizable tort upon the spouse who suffers bodily injury."), citing *Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 92-93 (1992).

{¶18} The Kronjaks' assignment of error is overruled.

III.

{¶19} With the Kronjaks' sole assignment of error having been overruled, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

RONALD A. APELT, Attorney at Law, for Appellants.

JAMES L. GLOWACKI and JAMES J. IMRIGIOTTA, Attorneys at Law, for Appellees.